# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HOLMES,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>    Respondent. | Case No. 5:19-cv-01707-ODW (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

    In 2013, after Petitioner was convicted in the San Bernardino County Superior Court of assault with a deadly weapon and allegations that he suffered prior felony convictions were found true, he was sentenced to state prison for a term of 33 years to life. (ECF No. 1 at 2.) In 2016, Petitioner filed a federal habeas corpus petition challenging that conviction. (Case No. 5:16-cv-00293-ODW(AFM)). Petitioner raised five claims for relief, four of which focused upon an allegation that Petitioner was prosecuted after the statute of limitation had expired. On August 5, 2016, judgment was entered denying the petition on the merits. Both this Court and the Ninth Circuit Court of Appeal denied Petitioner's requests for a certificate of appealability. (ECF Nos. 24 & 31 in Case No. 5:15-cv-00293-ODW(AFM).)

    The current petition for a writ of habeas corpus, filed on September 6, 2019,

again challenges Petitioner's conviction in the San Bernardino County Superior Court. The petition alleges that Petitioner was brought to trial after the statute of limitation expired. (ECF No. 1 at 3.) Similar allegations were raised and rejected in Case No. 5:16-cv-00293-ODW(AFM).

A claim presented in a second or successive federal petition that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). With limited exceptions, a claim presented in a second or successive federal habeas petition that was not presented in a prior petition also must be dismissed. 28 U.S.C. § 2244(b)(2)(A), (B). Moreover, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, there is no indication that Petitioner has obtained the requisite authorization from the Ninth Circuit. To the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, such an argument must first be presented to the Court of Appeals. Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it.[1] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

\\

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 11, 2019

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE